UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ORLANDO COLON,

    Plaintiff,

v.                                        CASE No. 8:07-CV-2005-T-TGW

MICHAEL J. ASTRUE
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security fails adequately to evaluate the evidence from a treating psychiatrist and fails to consider the side effects of medication, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was thirty-nine years old at the time of the administrative hearing and who has an associate of arts degree from a

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

community college, has worked primarily as a computer programmer (Tr. 98, 347). He filed a claim for Social Security disability benefits, alleging that he became disabled due to stress disorder, chronic asthma, paranoia, and migraine headaches (Tr. 88). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of obsessive-compulsive disorder, posttraumatic stress disorder, depression, asthma, migraine headaches, and hypertension (Tr. 20). She concluded that these impairments restricted the plaintiff to light work which required only occasional climbing, balancing, stooping, crouching, kneeling, and crawling (id.). The law judge found further that the plaintiff cannot work around moving machinery, unprotected heights, or concentrated heat, cold, dust, fumes, or gases (id.). In addition, the plaintiff was determined to be unable to perform detailed or complex tasks, and required to have only occasional contact with the public (id.). The law judge concluded that these limitations prevented the plaintiff from performing past work (Tr. 24). However, based upon the testimony of a vocational expert, the law judge found that the plaintiff could perform jobs that existed in

significant numbers in the national economy, such as office cleaner, assembler, and packager (Tr. 25). Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff suffers from asthma and this condition imposes exertional limitations. However, in challenging the law judge's decision, the plaintiff focuses primarily upon his mental impairments.

In 1994, the plaintiff was the victim of a criminal attack. The plaintiff has reported that he was pistol whipped, stabbed multiple times, and electrically shocked (Tr. 302). As a consequence, the plaintiff has been seeing Dr. Joseph E. Rawlings, a psychiatrist, for a number of years.

The law judge found that the plaintiff had severe mental impairments of obsessive-compulsive disorder, posttraumatic stress disorder, and depression (Tr. 20). Despite the fact that two nonexamining reviewing psychologists opined that the plaintiff suffered from an anxiety disorder (see Tr. 193, 267), the law judge did not list that condition as a severe impairment (Tr. 20), although she did mention that the plaintiff had that disorder (Tr. 23). Morever, the law judge concluded that the mental impairments caused no more than moderate limitations in activities of daily living, social functioning, and concentration, persistence, or pace (id.). She found further that these

limitations only prevented the plaintiff from performing detailed or complex tasks and having more than occasional contact with the public (Tr. 20).

In challenging these findings, the plaintiff argues that the law judge failed properly to consider the opinions of Dr. Rawlings, the treating psychiatrist (Doc. 23, pp. 9-14). The law judge must give "substantial" or "considerable" weight to the opinions of the plaintiff's treating physicians unless there is good cause for not doing so. Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987). Moreover, she must specify what weight was given to a treating physician's opinion and any reason for giving it no weight, and the failure to do so is reversible error. Id.

In this case, the record contains numerous pages of notes by Dr. Rawlings, as well as forms he filled out (Tr. 294-328). There was only a cursory reference to that evidence (Tr. 23). Not only was there no mention of Dr. Rawlings (which, by itself, is not reversible error), but more important, there was no meaningful summary of the evidence.

There was only one sentence that could possibly be a justification for discounting Dr. Rawlings's evidence: "Most of the recent notes, beginning November 2004, state that the claimant was feeling better, and was less paranoid" (id.). It is questionable whether, even if this statement

was accurate, it would be sufficient reason to discount Dr. Rawlings's opinions. In fact, however, the statement is clearly wrong.

As the plaintiff asserts, the statement appears to have been taken from an opinion by a nonexamining psychologist rendered on December 27, 2004 (Tr. 275). While the psychologist was correct that the November 2004 notes indicated that the plaintiff was feeling better and was less paranoid (Tr. 303), the psychologist obviously did not have the advantage of seeing Dr. Rawlings's notes and opinions from 2005 and 2006. They reflect a different condition.

In November 2005, Dr. Rawlings opined that the plaintiff was unable to relate to others in a work setting; understand, remember, and carry out instructions; respond appropriately to supervision; supervise or manage others; and perform tasks requiring minimal contact with others (Tr. 300). Dr. Rawlings added that he "think[s] [the plaintiff] is too ill to work under any condition" (id). He noted further that the plaintiff's psychiatric condition had regressed (Tr. 301).

Dr. Rawlings's notes of November 30, 2005, reported that the plaintiff sleeps only two to three hours per day (Tr. 298). He added that the plaintiff still suffers from paranoia (id.). Dr. Rawlings also completed a form,

apparently on January 23, 2006 (Tr. 295), that stated that the plaintiff is not able to return to work at present because he is too unstable (Tr. 296).[2] Dr. Rawlings said further that the plaintiff's condition has regressed dramatically since he lost his job and has been separated from his family (id.).

Dr. Rawlings notes of February 16, 2006, stated that the plaintiff "[c]an't sleep" and that he "[c]ontinues to hallucinate" about "vague noises at night outside his door" (Tr. 298). Dr. Rawlings said further that the plaintiff is constantly looking in closets and under beds because he fears that maybe a person is in the house (id.). Dr. Rawlings commented that there still was paranoia (id.).

A note from March 2006 reports that the plaintiff's paranoia persists (Tr. 294). An August 15, 2006, note reports the plaintiff is "still very paranoid" (id.).

These highlights from Dr. Rawlings's opinions and notes demonstrate that it was error for the law judge to fail to evaluate fully the evidence from Dr. Rawlings. They show, moreover, that the law judge's one-sentence comment on that evidence was wrong. Under these circumstances,

---

[2]This is what I think it says. Dr. Rawlings's handwriting is not easy to read and some of the pages did not copy well. That is no excuse, however, for the law judge to fail to summarize, and evaluate, Dr. Rawlings's evidence.

-8-

the law judge has clearly failed to show good cause for discounting Dr. Rawlings's opinions. That failure warrants reversal.

The plaintiff, moreover, demonstrates another deficiency in the law judge's decision. The plaintiff challenges the law judge's consideration of the plaintiff's subjective complaints, and, in particular, drowsiness from the side effects of medication (Doc. 23, pp. 16-17). The plaintiff testified that he takes medication for migraine headaches and other problems, and that, while the medication is effective for the headaches, it makes him very drowsy (Tr. 352, 357). He said that the drowsiness takes away from being able to do any activities (Tr. 357). He added that the drowsiness makes him fall asleep during a conversation (Tr. 358).

Although the law judge quoted the regulation that directed her to consider the side effects of medication (Tr. 21), the law judge failed to do that. Thus, there was no mention in the decision of the plaintiff's allegations that his medications make him drowsy. The failure to assess these allegations also constitutes reversible error. McDevitt v. Commissioner of Social Security, 2007 WL 2050910 (11th Cir. 2007). Notably, the Commissioner in his memorandum made no attempt to excuse, or justify, this failure.

.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 20th day of December, 2008.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE